SCHOOL DISTRICT, No. 2, IN SANFORD *vs.* SIMON TEBBETTS.

York.   Decided April 30, 1877.

*Action.*

In general, assumpsit as on a promise implied by law is not an appropriate remedy in cases of delinquency of a public officer. A special action on the case or, in some cases, debt is the proper form. But, aside from this, proof that the defendant as town treasurer received moneys of the district is not sufficient to maintain an action to call it out of his hands without proof of delinquency on his part or even of demand before the commencement of the action.

Nor can the plaintiffs in this action recover an unpaid district tax assessed against the defendant.

The money which accrued from the sale of the old school-house and stove belonging to the district, was shown to have been finally disposed of in accordance with the vote of the district, and in payment of its debts. *Held,* that the fact that it went through the defendant's hands contrary to the vote of the district before reaching its destination did not make the defendant responsible to the district a second time for it.

ON EXCEPTIONS to the order of a nonsuit.

ASSUMPSIT against the defendant, who was a town treasurer, for money in his hands belonging to the plaintiff district.

The treasurer's book, in the hand writing of defendant, showed under date of 1870, February 4th, a credit to the plaintiff district by cash $350 ; April, by order, $7.45 ; April 4th, cash $42.55. The evidence tended to show that Stephen Hatch paid the defend-

ant $40, received from the sale of the old school-house ; that the defendant at the same time took up a note of $206.14 against the district, and applied the same $40 towards its payment.   The plaintiffs offered to show that there was an unpaid tax of the year 1869, of the plaintiff district against the defendant, which he promised to pay but never did; and the evidence on objection was excluded. The presiding justice ordered a nonsuit; and the plaintiff alleged exceptions.

*I. S. Kimball*, for the plaintiffs.

*A. Low*, for the defendant.

BARROWS, J.    That, under any ordinary circumstances, an action of assumpsit by a school district against the treasurer of a town is not the proper remedy to recover any balance of their moneys which has been paid into his hands as such treasurer, is sufficiently obvious.

The broad remark made by the court in *Bailey* v. *Butterfield*, 14 Maine, 112, and *McMillan* v. *Eastman*, 4 Mass. 378, that an action of assumpsit as implied by law is never a proper remedy against a public officer for neglect or misbehavior in his office, might under some unusual and peculiar condition of things need qualification.   See *Adams* v. *Farnsworth*, 15 Gray, 423.   But, ordinarily, a special action on the case setting forth the particulars which constitute the default or misfeasance, or, in some cases, an action of debt, has been deemed the proper form.   Had it been adopted here and the claim been set forth in a special count in case, it is possible that the attention of the plaintiffs' attorney might have been called to some noticeable defects in the proof offered, which is plainly insufficient for the maintenance of any action by the district against the defendant.    By R. S. c. 11, § 46, collectors and treasurers of towns "have the same powers and are subject to the same duties and obligations relating to [school] district taxes, as relating to town taxes."

It was the defendant's duty to receive the money when collected, keep it safely, pay it out upon orders from proper authority, and turn over any balance in his hands to his successor; and the reception of the money would not subject him to any action in behalf of

the district unless it also appeared that he was in some way delinquent. No proof of delinquency is offered. It does not appear that there was ever an order drawn by a committee of the district that was not paid, nor that any demand on the part of the district upon the defendant for any supposed balance of money in his hands was ever made prior to the commencement of this action. On this part of the case the single fact proved is that there was money of the district at one time in his hands as town treasurer. This is not sufficient to sustain the claim. See 15 Gray, 423, 425.

We do not understand the plaintiff's counsel now to contend that a case is made out for any money lawfully in the defendant's hands as the proceeds of taxes collected, or that the payment of the defendant's own tax in the district, which it is alleged is in arrears, can be enforced in this action. His position is that the action may be maintained for the forty dollars which was a balance of proceeds of sale of the old school-house and of a stove belonging to the district, and which he claims should never have gone into the defendant's hands, and was wrongfully appropriated by him to the payment of a debt of the district without any order from the committee. The testimony is very meagre; but the facts proved seemed to be that one Hatch (who with the defendant and one Dorman constituted a committee of the district) received this money under vote of the district "not to put it into the treasury but to pay where the district was owing." The district owed Hatch. In adjusting the business with the defendant, his associate on the committee, Hatch turned over the $40 to the defendant, who on the same day paid it back to Hatch with other money in discharge of Hatch's claim against the district. It was finally disposed of in accordance with the vote of the district; and the naked fact that contrary to the vote of the district it went through the defendant's hands in reaching its proper destination, cannot make the defendant responsible for it a second time to the district.

*Exceptions overruled. Nonsuit confirmed.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.